IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FELICIA AHMAD,                )
                              )
        Plaintiff,             )
                              )
   v.                          )    No. 16 C 3857
                              )
PORTILLO'S HOT DOGS, LLC, et al.,  )
                              )
        Defendants.            )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted in part, and the remaining state law claims are dismissed without prejudice.

## BACKGROUND

Plaintiff Felicia Ahmad (Ahmad) allegedly was released from the Illinois Department of Corrections on a work release program, and Defendant Portillo's Hot Dogs, LLC (Portillo's) hired Ahmad in 2011. Ahmad contends that Defendant Bryan Knots (Knots) was a supervisor at her store and made comments of a sexual nature to her on repeated occasions. In July 2014, Knots also allegedly physically grabbed Ahmad on one occasion at work. Ahmad further contends that she was

passed over for promotions in retaliation for her complaints about Knots. In August 2014, Ahmad tendered her resignation at Portillo's. Ahmad includes in her amended complaint a claim brought under Title VII of the Civil Rights Act of 1964 (Title VII) based on a hostile work environment (Count I), a hostile work environment claim brought under the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.* (Count I), a Title VII sex discrimination claim (Count II), an IHRA sex discrimination claim (Count II), a Title VII retaliation claim (Count III), an IHRA retaliation claim (Count IIII), and a state law assault claim (Count IV). Defendants now move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling

on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000)

**DISCUSSION**

I. Local Rule 56.1

Ahmad repeatedly responds to many paragraphs of Defendants' statement of material facts by indicating that "Plaintiff disagrees with this statement." Ahmad fails to provide any citation to the record to support her dispute. Pursuant to Local Rule 56.1, responses to facts without supporting references to the records are deemed to be undisputed. LR 56.1. *See Boss v. Castro*, 816 F.3d 910, 914 (7th Cir. 2016)(stating that "[t]he district court's discretion to require strict compliance with Local Rule 56.1 has been upheld time and again"). As the Seventh Circuit has indicated, at the summary judgment stage, the plaintiff must point to evidence to support her claims. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1077 (7th Cir. 2016)(indicating that "summary judgment is the 'put up or shut up' moment in a lawsuit"). Ahmad must provide more than conclusory assertions as to disagreements about facts. Ahmad has substantially failed to comply with Local Rule 56.1. Therefore, facts in Defendants' statement of facts paragraphs 2, 3, 20, 22,

37, 41, 42, 43, 44, 54, 55, 56, 57, 58, 59, 65, 66, 72, 73, 74, and 78 are deemed to be undisputed.

II. Title VII Hostile Work Environment Claim (Count I)

Defendants move for summary judgment on the Title VII hostile work environment claim. To defeat a defendant's motion for summary judgment on a Title VII hostile work environment claim, a plaintiff must establish: (1) that "her work environment" was "subjectively and objectively offensive," (2) that her sex was the "cause of the harassment," (3) that "the conduct" was "severe or pervasive," and (4) that there is "a basis for employer liability, meaning either that a supervisor participated in the harassment or that" the employer "was negligent in discovering or remedying co-worker harassment." *Liu v. Cook Cty.*, 817 F.3d 307, 318-19 (7th Cir. 2016); *see also Orton-Bell v. Indiana*, 759 F.3d 768, 773 (7th Cir. 2014)(listing four elements to avoid summary judgment). An objectively hostile environment is defined as an environment "that a reasonable person would find hostile or abusive." *Adusumilli v. City of Chicago*, 164 F.3d 353, 361 (7th Cir. 1998). In determining whether harassment is "sufficiently severe or pervasive to be actionable," the court must consider: "(1) the frequency of the discriminatory conduct; (2) how offensive a reasonable person would deem it to be; (3) whether it is physically threatening or humiliating conduct as opposed to verbal abuse; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether it was directed at

4

the victim." *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 600-01 (7th Cir. 2014)(stating that "[c]ourts should not carve up the incidents of harassment and then separately analyze each incident, by itself, to see if each rises to the level of being severe or pervasive")(internal quotations omitted)(quoting *Hall v. City of Chicago*, 713 F.3d 325, 331 (7th Cir. 2013)). The harassment must have been sufficiently severe or pervasive so at to "alter[] the conditions of employment. . . ." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017).

Defendants argue that they can prevail under the *Faragher-Ellerth* affirmative defense. If a defendant employer has not taken a "tangible employment action . . . against the employee in the course of the harassment, an employer may raise an affirmative defense to liability that must be proved by a preponderance of the evidence." *Passananti v. Cook Cty.*, 689 F.3d 655, 670 (7th Cir. 2012). The defendant employer satisfies the elements of the defense by showing: (1) "that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and (2) "that the plaintiff-employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.*

In the instant action, the undisputed facts do not indicate that Portillo's ever took any tangible employment action against Ahmad. Ahmad makes references to being passed over for promotions. However, Ahmad herself contends that during her employment at Portillo's she was actually promoted. (Compl. Par. 19). Ahmad

also references a potential promotion to a Crew Chief position, but it is undisputed that she never applied for that position, and there was no such position open until months after she resigned. (RSF Par. 39-40). There is no evidence showing that during her employment Ahmad was demoted or lost wages or benefits or was subject to other tangible employment actions. Ahmad admits herself that she voluntarily resigned in order to go to a new job where she received more pay and was given a managerial position. The court also notes that although Ahmad has not argued that she was constructively discharged, she has failed to point to sufficient evidence to support such a conclusion.

Ahmad contends that the policies and complaint mechanism in place at Portillo's to address sexual harassment were not sufficient to show that Portillo's exercised reasonable care to address such problems. The undisputed facts, however, show that there were appropriate policies in place that would have enabled Portillo's to address Ahmad's allegations against Knots. The problem is not the policies, but Ahmad's failure to take advantage of such policies. Although Ahmad indicates she cannot recall if she finished reading the employee manual informing her of such policies, the undisputed facts show she was provided with notice. The fact that Ahmad may not have chosen to read the manual is not the fault of Portillo's. Ahmad also points to other employees who were dissatisfied with the results of other investigations, (SAF Par. 5-6, 15, 18), but such evidence is insufficient to show that Portillo's anti-harassment policies and complaint mechanism were ineffective. It is

undisputed pursuant to Local Rule 56.1, that when Portillo's "receives a complaint of sexual harassment, it is Portillo's policy and practice to conduct a prompt and thorough investigation into the allegations." (RSF Par. 20). After receiving a form, Portillo's would conduct an investigation. (RSF Par. 22).

The court notes that a review of the facts in this case show that the alleged conduct by Knots, if true, was unquestionably inappropriate and actionable. The frequency and severity of the alleged conduct could have been sufficient to create a hostile work environment for Ahmad. This case would stand on an entirely different footing if Ahmad had gone to Portillo's during her years of employment and taken advantage of the complaint mechanism available. However, the undisputed facts show that Ahmad failed to take advantage of the opportunities made available to her to address her complaints. The undisputed facts show that on August 2, 2014, Ahmad voluntarily tendered her resignation to Portillo's to go to work in a management position and for more money with another employer. (RSF Par. 45, 47). It is undisputed that Ahmad did not indicate at that time that her resignation had anything to do with harassment by Knots. (RSF Par. 46-47). The undisputed facts show that subsequent to tendering her resignation, on August 14, 2014, Ahmad first filed a complaint against Knots with Portillo's Human Resources Department. It is undisputed that during Ahmad's years of employment with Portillo's she "never complained about harassment or discrimination to anyone at any point during her employment at Portillo's." (RSF Par. 54). Is it undisputed that Ahmad never even

informed her work release program counselors of the alleged harassment by Knots even though she was regularly questioned regarding her work. (RSF Par. 26-28). Portillo's never had a chance to correct the allegedly hostile work environment because by the time Ahmad had complained, she had tendered her resignation and was on her way to a new employer.

Ahmad contends that she did not complain because she feared getting removed from the work release program, but it is undisputed that reporting such harassment would in no way have affected her ability to participate in the work release program. (RSF Par. 26-28). In addition, it is undisputed that one year and four months before her resignation, she had completed her prison sentence and thus needed not fear being sent back to prison. (RSF Par. 3, 45). Nor is fear of reprisal alone sufficient deprive an employer the opportunity to correct a harassment problem.

Ahmad is now seeking under Title VII to hold Portillo's liable for the hostile work environment she experienced. Yet she never notified Portillo's of her situation and never gave Portillo's an opportunity to address the complaint before moving onto a new job. Portillo's thus cannot be held liable under Title VII for the alleged hostile work environment. Therefore, Defendants' motion for summary judgment on the Title VII hostile work environment claim is granted.

III. Title VII Sex Discrimination Claim (Count II)

Defendants move for summary judgment on the Title VII sex discrimination claim. A plaintiff who is bringing a Title VII discrimination claim and is seeking to defeat a defendant's motion for summary judgment may proceed under the *Ortiz* reasonable factfinder method or the *McDonnell Douglas* burden-shifting method. *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). In *Ortiz*, the Seventh Circuit, recently held that the district courts should no longer employ the "direct - and -indirect framework," which included the "two tests" that were known as the direct method of proof and indirect method of proof. *Id.* at 765-66 (stating that the direct and indirect methods of proof "complicate[d] matters by forcing parties to consider the same evidence in multiple ways (and sometimes to disregard evidence that does not seem to fit one method rather than the other)"); *see also Cole v. Board of Trustees of Northern Illinois University*, 838 F.3d 888, 899 (7th Cir. 2016)(stating that the court must "look past the ossified direct/indirect paradigm"). The Seventh Circuit, however, also indicated that it was not barring a plaintiff from proceeding under the *McDonnell Douglas* burden-shifting method, which was commonly referred to in the past as the indirect method of proof. *Ortiz*, 834 F.3d at 766.

The Seventh Circuit held that a plaintiff can defeat a defendant's motion for summary judgment under the *Ortiz* reasonable factfinder method by pointing to sufficient evidence to show that a reasonable factfinder could "conclude that the plaintiff's [protected characteristic] caused the . . . adverse employment action."

*Ortiz*, 834 F.3d at 765 (stating that "[e]vidence must be considered as a whole"); *Cole*, 838 F.3d at 899 (stating that "the critical question . . . is simply whether a reasonable jury could infer prohibited discrimination")(internal quotations omitted)(quoting *Perez v. Thorntons, Inc.*, 731 F.3d 699, 703 (7th Cir. 2013)).

Defendants argue that based upon the evidence produced during discovery Ahmad has abandoned her sex discrimination claim. When Ahmad was asked at her deposition why she thought she was discriminated against because of her sex, she responded that she did not think she was discriminated against because of her sex. (RSF Par. 43). Ahmad indicated that she instead thought she had been discriminated against because of her criminal background. (RSF Par. 42). In response to the instant motion, Ahmad contends that she has not abandoned her sex discrimination claims. However, Ahmad fails address how she can prevail under the *Ortiz* factfinder test or the *McDonnell Douglass* burden shifting method. Ahmad has not pointed to evidence that would enable a reasonable trier of fact to infer discrimination based on her sex. As explained above, Ahmad voluntarily resigned, and there is no evidence that she suffered any adverse employment action while employed for Portillo's. Ahmad fails to point to similarly situated individuals outside of the protected class who were treated more favorably, she fails to show that she suffered an adverse employment action, and she fails to show any action taken against her was a pretext. Ahmad was not demoted or disciplined and she has not shown that Knots had any control over any such actions. Nor has Ahmad pointed to

evidence to show that she was deprived of any promotion or shown that Knots or anyone with an animus against Ahmad because of her sex took any action in regard to a potential promotion. Therefore, Defendants' motion for summary judgment on the Title VII sex discrimination claim is granted.

IV. Title VII Retaliation Claim (Count III)

Defendants move for summary judgment on the Title VII retaliation claim. As in regard to the sex discrimination claim, Ahmad contends that she is not abandoning her claim. Yet at her deposition she denied that she was retaliated against because of protected activities. (RSF Par. 44). In addition, in her response she fails to provide any analysis under any applicable legal standard showing why she should proceed on her retaliation claim. The undisputed facts show that Ahmad did not file any complaint against Knots until after she submitted her resignation. There is not evidence showing that she was passed over for a promotion, and when asked at her deposition why she thought she was passed over for a promotion, she responded that she had "no idea." (RSF Par. 41). There is not evidence of any subsequent actions by Portillo's that would indicate unlawful retaliation. Therefore, Defendants' motion for summary judgment on the Title VII retaliation claims is granted.

V. Remaining State Law Claim

11

Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts"). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, "in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. The instant action is still in the pre-trial stage and there is not sufficient justification to proceed solely on the remaining state law claims. The remaining state law claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for summary judgment is granted in part, and denied in part, and the remaining state law claims are dismissed without prejudice.

    _____
    Samuel Der-Yeghiayan
    United States District Court Judge

Dated:   September 28, 2017